UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN R. BOSANKO,

    Plaintiff,

v.  Case No.

VILLAGE OF MT. PLEASANT/
SOUTH SHORE FIRE DEPARTMENT,

    Defendant.

# COMPLAINT

## I. NATURE OF ACTION

1. This action is brought to remedy discrimination on the basis of disability, including but not limited to being regarded as an individual with a disability or disabilities, in the terms, conditions, and privileges of employment protected by Americans with Disabilities Act, as amended (ADAAA), 42 U.S.C. § 12101, *et seq.* and, in the alternative, to remedy retaliation based on opposing discrimination in the workplace, also based on the terms, conditions, and privileges of employment protected by Americans with Disabilities Act, as amended (ADAAA), 42 U.S.C. § 12101, *et seq.*

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1339, and 1343 and 29 U.S.C. § 2617(a)(2).

1

3. Venue in this Court is appropriate pursuant to 29 U.S.C. § 1391(b) and (c) because the employment practices involved in this dispute occurred in Milwaukee County, Wisconsin, and thus venue is proper in the Eastern District of Wisconsin.

### III. PARTIES

4. Plaintiff Steven Bosanko was an employee of the Village of Mt. Pleasant/South Shore Fire Department, beginning in 1999 through December 17, 2015, and is currently a resident of Union Grove, Wisconsin.

5. Defendant Village of Mt. Pleasant/South Shore Fire Department is an employer within the meaning of the ADAAA and has the capacity to sue and be sued in this Court.

### IV. ADMINISTRATIVE PROCEEDINGS

6. Bosanko has timely and fully complied with prerequisites for administrative exhaustion required for jurisdiction in this court under the ADAAA and thus all conditions precedent to this lawsuit within the meaning of Rule 9(c) of the Fed. R. Civ. Pro. have been performed or have otherwise occurred.

### V. FACTS

7. From 1999 until December 17, 2015, Bosanko was employed as a firefighter/emergency medical technician (EMT) with the Village of Mt. Pleasant/South Shore Fire Department.

8. Bosanko's duties included fire detail and fire suppression activities, but approximately 90 percent of his job consisted of providing Emergency Medical Services (EMS).

2

9. On April 6, 2011, Bosanko developed a problem with his left leg; the condition causing the problem was eventually diagnosed as a demyelinating lesion, a neurological condition.

10. Bosanko took medical leave for a month for treatment of the lesion and he was returned to light duty work on May 2011.

11. On August 15, 2011, he was released from light duty and returned to full duty work without restrictions by his treating practitioner.

12. Bosanko still walks with a slightly dropped foot, so he has to pick up that leg a little higher than his other leg in order to walk; the condition causes a slight limp.

13. On September 15, 2011, Bosanko had a physical with the Department's doctor, Dr. Mawn.

14. After the physical, Dr. Mawn ordered Bosanko to go through a functional capacity exam, which Bosanko took on September 26, 2011; the Department placed Bosanko on sick leave, without his consent, while they were waiting for the results of the exam.

15. Bosanko passed the exam and Dr. Mawn cleared Bosanko to return to work.

16. On April 4, 2012, Dr. Mawn examined Bosanko for his regular annual physical and placed him on restrictions such that Bosanko was prohibited from lifting, pushing or pulling over 50 pounds, and that he could not work at height or on ladders; this again resulted in the Department putting Bosanko on sick leave without his consent.

17. Bosanko went through the union process for evaluation of fitness for duty denials; he passed the additional physical and was returned to work on June 17, 2012.

18. On April 16, 2013, Dr. Mawn again examined Bosanko for a regular annual physical and again placed Bosanko on the restrictions Mawn indicated were necessary in 2012.

19. On April 25, 2013, after working three and one-third shifts after the physical, Bosanko was told he had to leave work.

20. On May 24, 2013, Fire Chief Robert Stedman threatened Bosanko wih discharge based on his belief that Bosanko was disabled and not fit for duty.

21. According to the Department's attorney, Chief Stedman had noticed "some degree of cognitive dissonance in his conversation with Mr. Bosanko, in addition to a slight limp or dragging of one foot."

22. This time, Department management refused to use the union process for evaluation of fitness for duty denials and unilaterally chose a neurologist, Dr. Bugarino, to examine Bosanko for his fitness for duty; Bosanko returned to regular duty on July 27, 2013.

23. On his first day back at work, the Department firefighters went through Emergency Medical Services (EMS) training. The training involved climbing the aerial ladder, which actually has nothing to do with medical services and is not usually part of EMS training.

24. On information and belief, the reason the Department was put through this training, with the requirement that the firefighters climb the aerial ladder, was to see whether Bosanko could actually perform the task.

25. On Tuesday, July 30, 2013, Department firefighters had a training where Battalian Chief Keiser and Fire Chief Stedman showed up to observe the training.

4

26. On information and belief, Battalian Chief Keiser and Fire Chief Stedman showed up to watch the training because they were watching Bosanko closely.

## VI.  VIOLATIONS OF LAW

27. Defendant Village of Mt. Pleasant/South Shore Fire Department and its relevant agents and supervisors, acted without regard to Bosanko's rights as guaranteed under the Americans with Disabilities Act, as amended, by, among other acts, discriminating against Bosanko in the terms and conditions of employment, such as requiring Bosanko to go to unnecessary medical examinations and fitness for duty examinations, and ultimately by discharging Bosanko based on his disability or disabilities, including because he was regarded as an individual with a disability or disabilities, and by applying a pattern or practice in violation of the applicable law.

## VII.  DAMAGES AND EQUITY

A. Damages

28. By virtue of Defendant's unlawful actions against the plaintiff, the plaintiff has sustained lost wages, future lost earning capacity, physical, mental and emotional distress, community humiliation and loss of reputation, for all of which he seeks compensatory damages in amounts deemed just by the Court.

B. Equity

29. For some of his injuries, the plaintiff has no plain, adequate or speedy remedy at law and thus he invokes the Court's equitable jurisdiction to award declaratory and injunctive relief against the Defendant. This shall include, but not be limited to, an

order that Bosanko be reinstated, and that plaintiff's employing unit and the defendant Village of Mt. Pleasant/South Shore Fire Department be enjoined from applying or enforcing any practice requiring employees with disabilities that the Village of Mt. Pleasant/South Shore Fire Department agents and supervisors believe are not work-related to be fully able-bodied in order to be employed or reinstated.

## VIII. JURY DEMAND

30. Plaintiff hereby demands a trial by jury of all issues triable of right to a jury herein.

## IX.  PRAYER FOR RELIEF

WHEREFORE, the plaintiff demands judgment awarding him compensatory damages in amounts deemed just by the Court, make-whole equitable relief, and the reasonable costs and expenses of this action including a reasonable attorney's fee, as well as such other and further relief as may be just.  This shall include, but not be limited to, an order that Bosanko be reinstated, and that plaintiff's employing unit and the defendant Village of Mt. Pleasant/South Shore Fire Department be enjoined from applying or enforcing any practice requiring employees with disabilities that the Village of Mt. Pleasant/South Shore Fire Department agents and supervisors believe are not work-related to be fully able-bodied in order to be employed or reinstated.


Date:   September 20, 2016

s/ Brenda Lewison

Attorney Brenda Lewison
SBN:   1025079

Law Office of Arthur Heitzer
633 W. Wisconsin Ave., Suite 1410
Milwaukee, WI  53203-1918
(414) 273-1040 x 14
(414) 273-4859 FAX
lewisonlaw@yahoo.com

ATTORNEY FOR THE PLAINTIFF